UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
AMBER EDWARDS,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 17-132 S
                                    )
CENTRAL FALLS SCHOOL DISTRICT;      )
STATE OF RHODE ISLAND, et al.,      )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

In June 2016, Plaintiff Amber Edwards worked for Defendant Central Falls School District as a Digital Media Community Partner. On June 29, 2016, she escorted a disruptive student from the classroom to the school's office. Later that day, she was accused of inappropriately touching the student, was told that she would be suspended from teaching the following day, and then resigned from her position because "Defendant wrongfully made working conditions so intolerable at that point for Plaintiff that she was forced to resign."[1]

Plaintiff brought this suit against several defendants, including the Central Falls School District and its

---

[1] Compl. ¶ 56, ECF No. 1.

Superintendent; the Central Falls School District Board of Trustees; the City of Central Falls; the principal and assistant principal of Calcutt Middle School; the Director of 21st Century Programs at Central Falls School District; and the State of Rhode Island. Plaintiff alleged five claims against "Defendants" as a collective, including violations of her procedural due process and equal protection rights; defamation per se; negligence; and negligent hiring, training, supervision and retention.

Before the Court is Defendant State of Rhode Island's Motion to Dismiss (ECF No. 11) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The State argues that Plaintiff has failed to allege a valid claim against it because the Complaint only mentions the State specifically in one paragraph[2], and leaves the State without any knowledge of the factual basis for Plaintiff's claims. In Plaintiff's objection, she asserts that she included the State as a Defendant because it "may be responsible for the unlawful conduct of actors, agents, and officials of the [Central Falls School] District"

---

[2] Paragraph 5 of the Complaint states, in its entirety, that "Defendant State of Rhode Island, sued by and through its Governor Gina Raimondo, may be[sic], upon information and belief, have responsibility for the Central Falls School District, rather than the City of Central Falls."

and "the City was believed to be in State receivership at the time that the unlawful conduct occurred."[3] Plaintiff contends that discovery is needed to determine whether the State was financially responsible for the City and the School District at the time of the alleged unlawful conduct.[4]

As the State points out in their reply memorandum, the receivership of the City was terminated on April 16, 2013.[5] Therefore, the State's fiscal control over the City of Central Falls ended three years prior to the alleged events that precipitated this litigation. Because Plaintiff does not assert any factual allegations against the State or any official acting

---

[3] Pl.'s Obj. to Defs.' Mot. 8, ECF No. 13-1.

[4] The State also argues that Plaintiff's claims brought under 42 U.S.C. § 1983 must be dismissed because, according to the Supreme Court, the State is not considered a "person" under § 1983. In her objection, Plaintiff clarifies that she is not alleging that the State violated her constitutional rights, only that the State may have had fiscal control over the other Defendants.

[5] See In re City of Cent. Falls, Rhode Island, No. 11-13105-FJB, 2015 WL 12991580, at *7 (Bankr. D.R.I. Nov. 13, 2015). Moreover, pursuant to Rule 201(c)(2) of the Federal Rules of Evidence, the Court takes judicial notice of the Annual Status Report filed with the District of Rhode Island's Bankruptcy Court by the Administration and Finance Officer for the City of Central Falls with the District of Rhode Island's Bankruptcy Court. (Case No. 11-13105, ECF No. 696-1.) In the July 24, 2013 status report, the Administration and Finance Officer attested that "[t]he abolition of the Receiver occurred on April 16, 2013 whereby the governance of the City of Central Falls was returned to its elected officials[.]" (Id.)

3

on behalf of the State, the Court finds that the Complaint does not state a plausible claim for relief against the State.[6] The Court therefore concludes that this Defendant should be dismissed from this case. The State of Rhode Island's Motion to Dismiss (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

/s/ W. E. Smith
_____
William E. Smith
Chief Judge
Date: August 11, 2017

---

[6] See Coll. Hill Properties, LLC v. City of Worcester, 821 F.3d 193, 195–96 (1st Cir. 2016) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)).